## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RONDA K. ROBINSON** | * | **CIVIL ACTION NO. 5:23-CV01306** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE** |
| | * | |
| **RLI INSURANCE COMPANY** | * | **MAGISTRATE JUDGE** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL

**TO:** THE HONORABLE JUDGES OF THE
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA

**NOW INTO COURT**, through undersigned counsel, comes Defendant, RLI Insurance Company, who, pursuant to 28 U.S.C.A. §§ 1332, 1441, and 1446, hereby removes Case No. 72577 from 11th Judicial District Court for the Parish of Sabine, State of Louisiana, to the United States District Court for the Western District of Louisiana on the bases of diversity jurisdiction, for the reasons more fully set forth below.

1.

Plaintiff filed a Petition for Damages in the 11th Judicial District Court for the Parish of Sabine, State of Louisiana, entitled "*Ronda K. Robinson versus Rajan Bhulagi, Mayum Patel, and RLI Insurance Company*," assigned Docket No. 72577 ("the Lawsuit").[1] The Lawsuit arises out of a motor vehicle accident that occurred on August 4, 2022 ("the Accident").[2]

---

[1] Petition for Damages, filed August 1, 2023, attached hereto and marked as "Exhibit A."
[2] "Exhibit A," at ¶ 2.

2.

In the Lawsuit, Plaintiff seeks damages for injuries allegedly caused by the Accident and resulting medical expenses. More specifically, Plaintiff seeks damages for (1) pain, suffering, and mental anguish, (2) loss of enjoyment of life, and (3) past and future medical expenses.[3]

3.

Plaintiff named as Defendants, (1) Rajan Bhulagi, (2) Mayur Patel (incorrectly named as Mayum Patel), and (3) RLI Insurance Company.[4]

4.

On August 28, 2023, Plaintiff – having already settled her claims with Defendants, Bhulagi and Patel prior to suit being filed – immediately filed a Motion for Limited Dismissal, dismissing all claims against Rajan Bhulagi and Mayur Patel in their personal capacities, only reserving her right to proceed against them to the extent necessary to legally preserve her claim against RLI Insurance Company.[5] This Motion was granted on September 5, 2023.[6]

5.

Plaintiff, Ronda K. Robinson, is a person of full age and majority domiciled in the Parish of Sabine, State of Louisiana.[7]

6.

Defendant, Rajan Bhulagi, is a person of full age and majority domiciled in the country of the Republic of India.[8]

---

[3] "Exhibit A," at ¶ 12.
[4] "Exhibit A," at ¶ 1.
[5] Motion and Order for Limited Dismissal, attached hereto and marked as "Exhibit B."
[6] Order Granting Plaintiff's Motion for Limited Dismissal, attached hereto and marked as "Exhibit C."
[7] "Exhibit A."
[8] Affidavit of Mayur Patel, attached hereto and marked as "Exhibit D."

7.

Defendant, Mayur Patel, is a person of full age and majority domiciled in the Parish of Vernon, State of Louisiana.[9]

8.

Defendant, RLI Insurance Company, is an insurance company registered in and with its principal place of business in Peoria, Illinois.[10]

9.

Plaintiff's Petition provides that she has sustained the following injuries: (1) fractures to her spine resulting in surgery and possible future surgeries, (2) abrasions and contusions over much of the body, and (3) cervical and lumbar strain. Plaintiff's medical records detail Plaintiff's treatment allegedly related to the Accident.[11] The records show that Plaintiff is claiming injuries to – at least – head, neck and back.[12] Based on Plaintiff's Petition, Plaintiff is continuing to treat, and may require future surgeries.[13] On the date of the accident, Plaintiff underwent CTs of her chest, head, cervical spine, and lumbar spine.[14] The CT of her chest showed a T11-12 chance fracture with traumatic malalignment and retropulsion of osseus fragment in the spinal canal, this fracture was noted as unstable, a right transverse process displaced fracture, bilateral psoas hematomas, and bilateral dependent subpleural interstitial changes.[15] The CT of her head showed no acute intracranial findings, but did show scalp bruising and mild subgaleal hematoma.[16] The CT of her cervical spine showed cervical spondylosis; hyperextension of the normal cervical curvature; multilevel degenerative changes with small marginal osteophytes and bilateral facet

---

[9] "Exhibit A." at ¶ 1.
[10] "Exhibit A," at ¶ 1. See also Department of Insurance Filing, attached hereto and marked as "Exhibit E."
[11] Plaintiff's Medical Records, attached hereto *in globo* and marked as "Exhibit F."
[12] "Exhibit F."
[13] "Exhibit F."
[14] "Exhibit F."
[15] "Exhibit F."
[16] "Exhibit F."

arthropathy, and intervertebral disc space narrowing.[17] The CT of her lumbar spine showed retroperitoneal hematoma involving bilateral psoas muscles; a comminuted, unstable T12 chance fracture with traumatic T11-12 anterior listhesis, retropulsion, and intraspinal osseus fragment; multiple stable fractures at L1-3; a herniated disc at L3-4; bilateral L5 spondylosis; and chronic L4-5 intervertebral disc space narrowing.[18] The radiologist immediately notified the emergency room physician of the critical condition of Plaintiff's spine and transferred to another facility due to a need for a higher level of care.[19] Later that day, Plaintiff underwent a T10-L2 spinal fusion, with T11 to L1 laminectomy.[20] Plaintiff spent one (1) week in recovery, before being transferred to an in-patient rehabilitation hospital, where she underwent occupational therapy and physical therapy for two (2) weeks, before being transferred to another in-patient rehabilitation facility.[21] Plaintiff was finally discharged on September 5, 2022, after eleven (11) days of receiving additional physical and occupational therapy.[22] Since Plaintiff's release, she has been referred to pain management by her treating physician.[23] Based on even the limited records produced to-date, Plaintiff has – at least – $238,822.38 in medical specials.[24]

10.

The amount in controversy for Plaintiff's claims in this action exceed the jurisdictional threshold ($75,000.00) set forth in 28 U.S.C.A. §1332(a). Quantum for damages related to cases involving emergency medical treatment, spinal fractures, and fusions will commonly exceed

---

[17] "Exhibit F."
[18] "Exhibit F."
[19] "Exhibit F."
[20] "Exhibit F."
[21] "Exhibit F."
[22] "Exhibit F."
[23] "Exhibit F."
[24] "Exhibit F."

$75,000.00.[25]

11.

This action is one in which the District Courts of the United States would have original jurisdiction in accordance with 28 U.S.C.A. § 1332(a)(1).

12.

Rajan Bhulagi, the alleged tortfeasor, was incorrectly named as a citizen of Louisiana. He currently resides in the Republic of India.[26] Moreover, the status of Defendant, Mayur Patel (incorrectly named as Mayum Patel), is irrelevant because Plaintiff has no possible chance of recovery against him. In fact, Plaintiff has not stated cause of action against Patel, simply stating he was the owner of the vehicle involved in the accident at issue. Bhulagi (a foreign resident) is the only alleged tortfeasor in Plaintiff's Petition for Damages.[27] Plaintiff's Petition does not contain any allegations of wrongdoing as to Patel – the Petition does not state that Patel owed a duty to Plaintiff, breached any duty owed to Plaintiff, or provide a scintilla of information that Patel caused any of Plaintiff's damages. At a minimum, Patel was improperly joined, and his citizenship should be disregarded.

Alternatively, Bhulagi and Patel can only be considered as nominal parties because Plaintiff released them from *any and all* personal liability. Accordingly, there is no possibility of recovery against them. Prior to filing her Petition for Damages, Plaintiff executed a Settlement Agreement and Release with National General.[28] In the Release, Plaintiff agreed to release Bhulagi and Patel from any and all personal liability, only reserving her right to pursue

---

[25] *Ledet v. Smith Marine Towing Corp.*, 455 Fed.Appx. 417, 422 (5th Cir.2011), *Badeaux v. Eymard Bros. Towing Co., Inc.*, CV 19-13427, 2021 WL 5564459, at 21 (E.D. La. Nov. 29, 2021) *Harvey v. State, Dep't of Transp. & Dev.*, 2000-1877, p. 13 (La.App. 4 Cir. 9/26/01); 799 So.2d 569, 578, *writ denied sub nom. Harvey v. State, DOTD*, 2002-0003 (La. 3/15/02); 811 So.2d 910.
[26] "Exhibit D."
[27] "Exhibit A."
[28] National General Receipt and Release, dated July 31, 2023, attached hereto and marked as "Exhibit G."

additional, available liability insurance.[29] She specifically released all claims related to the Accident against Bhulagi and Patel, only reserving her rights against *additional insurers* of Bhulagi and Patel.[30] The payment functioned as "*a full and complete release of Bhulagi and Patel from any and all liability of any kind and character whatsoever.*"[31] Additionally, Defendants Bhulagi and Patel were dismissed from this matter on September 5, 2023.[32]

For purposes of diversity jurisdiction, Courts do not consider the citizenship of a defendant if a plaintiff is unable to establish a cause of action against them in state court.[33] To determine whether a plaintiff has a cause of action against a party, Courts consider whether there is any reasonable basis to predict that a plaintiff might be able to recover against a defendant.[34]

In *Jones v. Travelers Indemnity Co.* the Court determined that a plaintiff's voluntary action terminating claims against non-diverse defendants through compromise renders those parties as nominal and they present no bar to removal.[35] The plaintiff in *Jones* entered into a *Gasquet* Release with a non-diverse party.[36]

Similar to *Jones*, Plaintiff's voluntary actions in compromising her claims with Bhulagi and Patel, releasing them from all liability, *and* dismissing any claim with respect to their personal capacities both constitute voluntary actions which render Bhulagi and Patel as nominal parties. Based on the foregoing language in the dismissal cited above and in the *Gasquet* Release, there is no possibility of recovery against Bhulagi and Patel. Additionally, Plaintiff's own Petition does not set forth any allegations of any wrongdoing against Patel. Accordingly, Patel and Bhulagi's status pre- and post-dismissal present no bar to removal.

---

[29] "Exhibit G."
[30] "Exhibit G."
[31] "Exhibit G."
[32] "Exhibit C."
[33] *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir.2004).
[34] *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62 (5th Cir.2010).
[35] *Jones v. Travelers Indem. Co.*, 6:18-CV-946, 2018 WL 6684584, (W.D. La. Dec. 19, 2018).
[36] *Id.*

13.

All Defendants who have been named, served, and remain in this action as of the time of this pleading joins in this removal, in accordance with 28 U.S.C.A. § 1446(b)(2)(A).

14.

A copy of all process, pleadings, and orders served upon Defendant is attached to the Certificate of Filing State Court Record.

15.

This action is removable under and by virtue of the acts of Congress of the United States, 28 U.S.C.A. §§ 1332 and 1441, and Defendant desires to remove it to this Court.

16.

This Notice of Removal is timely because it has been filed within thirty (30) days of service of the Petition upon RLI Insurance Company. Based on the allegations contained within Plaintiff's Petition for Damages and the treatment detailed in her medical records, Defendant ascertained that the case is or has become removable in accordance with 28 U.S.C.A. § 1332(b)(3) and within one (1) year of the commencement of the aforementioned action.

17.

Accordingly, Defendant, RLI Insurance Company, requests the above-entitled action be removed to this Court in accordance with the provisions of 28 U.S.C.A. § 1441, *et seq*.

*(Certificate of service and signature block on the following page)*

| **CERTIFICATE OF SERVICE** | Respectfully submitted, |
|---|---|
| I HEREBY CERTIFY that a copy of the foregoing has this date been served on all known counsel of record in this proceeding by electronic mail. | **CONNICK AND CONNICK, LLC** |
| Metairie, Louisiana, this 20th day of September, 2023. | /s/ Tucker H. Wimberly<br>MATTHEW D. MOGHIS, LA. BAR NO. 33994<br>W. PETER CONNICK, LA. BAR NO. 14158<br>MICHAEL S. FUTRELL, LA. BAR NO. 20819<br>TUCKER H. WIMBERLY, LA. BAR NO. 37920<br>3421 N. Causeway Boulevard, Suite 408<br>Metairie, Louisiana 70002<br>Telephone:   (504) 681-6658<br>Facsimile:    (504) 838-9903<br>E-mail:        moghis@connicklaw.com |
| /s/ Tucker H. Wimberly<br>TUCKER H. WIMBERLY | *Counsel for Defendant, RLI Insurance Company* |